**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JOSE HUMBERTO VELASQUEZ ALVAREZ,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,* Case No.:

Plaintiff,

v.

TURNPIKE FOOD CORP.

Defendant.

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff, JOSE HUMBERTO VELASQUEZ ALVAREZ (herein, "Plaintiff"), on behalf of himself and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendant TURNPIKE FOOD CORP. ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he and similarly situated individuals are entitled to recover from Defendants unpaid minimum wage and overtime wages, liquidated damages, and attorneys' fees and costs.
2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants unpaid minimum wage, overtime wages, spread of hours pay, liquidated damages, statutory damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims

pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

**PARTIES**

5. Plaintiff, JOSE HUMBERTO VELASQUEZ ALVAREZ, is a resident of New York.
6. Corporate Defendant TURNPIKE FOOD CORP. is a domestic limited liability company with a principal place of business located at 2490 Hempstead Turn East Meadow NY, 11554.
7. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the Regulations thereunder.
8. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

9. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including bar staff, waiting staff, delivery persons, servers, runners, bussers, porters, among others) employed by Defendants on or after the date that is three (3) years of filing the herein complaint.
10. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages under the FLSA.
11. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.
12. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action,

their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**<u>RULE 23 CLASS ALLEGATIONS – NEW YORK</u>**

13. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees (including bar staff, waiting staff, delivery persons, servers, runners, bussers, porters, among others) employed by Defendant at all locations, on or after the date that is six (6) years of filing the herein complaint.

14. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

15. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

16. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, including: (i) failing to pay minimum wage, (ii) failing to pay overtime wages, (iii) failing to pay spread of hour pay, (iv) failing to provide wage statements in compliance with the NYLL, and (v) failing to provide wage and hour notices upon hiring and as required thereafter, pursuant to the NYLL. Defendant's corporate-wide

policies and practices affected all Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class member.

17. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class

action.

20. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed Plaintiff and the Class within the meaning of the NYLL;

    b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

    c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

    d. Whether Defendants properly notified Plaintiff and Class members of their hourly rates and overtime rates;

    e. Whether Defendants paid Plaintiff and Class members the proper compensation for all the hours worked under the NYLL;

    f. Whether Defendants properly compensated Plaintiff and Class members the proper minimum wage under the NYLL;

    g. Whether Defendants properly compensated Plaintiff and Class members the proper overtime wages under the NYLL

    h. Whether Defendants properly compensated Plaintiff and Class members spread-of-hours pay.

## **STATEMENT OF FACTS**

21. In or around November 2025, Plaintiff Jose Humberto Velasquez Alvarez was hired by Defendants to work as a cleaner at Grand Stage Diner located at 2490 Hempstead Turn East Meadow NY, 11554.

22. Plaintiff was employed by Defendants until on or about March 2026.

23. Throughout his employment, Plaintiff typically worked approximately fifty-two (52) hours per week, with shifts from about 3:50 PM to 2:30 AM.

24. Defendant paid Plaintiff $17 per hour up to 40 hours and $25.50 for some but not all overtime hours worked.

25. Defendant automatically deducted a thirty-minute meal break from Plaintiff's work time.

26. However, Plaintiff was never allotted a full meal break.

27. Defendant automatically deducted a meal break from The FLSA Collective Plaintiffs and the Class members' work time.

28. The FLSA Collective Plaintiffs and the Class members had their meal breaks interrupted or were not taken at all.

29. FLSA Collective Plaintiffs and the Class similarly worked weeks of forty (40) hours or more.

30. Plaintiff and Class members were not paid all of their wages or their overtime premiums at the rate of time and one half of the regular hourly rate, for all hours worked.

31. Defendants knowingly and willingly operated their business with a policy of not paying the New York State minimum wage, and the proper overtime rate thereof for all hours worked to Plaintiff, and Class members, in violation of the FLSA and the NYLL.

## STATEMENT OF CLAIM
## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

32. Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

33. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

34. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

35. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

36. At all relevant times, Defendants had a policy and practice that failed to pay proper wages to Plaintiff and FLSA Collective Plaintiffs.

37. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants.

38. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

39. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

40. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the

41. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, unpaid wages and overtime plus an equal amount as liquidated damages.

42. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**
**<u>VIOLATION OF THE NEW YORK LABOR LAW</u>**

43. Plaintiff realleges and incorporates all the above allegations of this Complaint as fully set forth herein.

44. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

45. At all relevant times, Defendants engaged in a policy and practice of refusing to pay Plaintiff and class members the overtime pay in direct violation of the NYLL.

46. Due to Defendants' New York Labor Law violations, Plaintiff and Class members are

entitled to recover from Defendants, unpaid wages, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

**COUNT III**

**VIOLATION OF THE NOTICE**

**REQUIREMENT OF THE NEW YORK LABOR LAW**

47. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.
48. Defendants failed to provide Plaintiff and Class Members with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).
49. Defendants' failure to provide Plaintiff and Class Members with a written notice resulted in Plaintiff's working without knowledge of his/her correct pay frequency and overtime rate.
50. Plaintiff and Class Members didn't know he/she were supposed to be paid. Accordingly, he/she lost out on the ability to advocate for it and be paid according to the law's requirements.
51. Defendants did not provide wage statements and notices to disguise the actual numbers of hours the Plaintiff worked and to avoid paying wages.
52. Plaintiff and Class Members was denied his/her ability to proper document his/her hours worked and pay received and his/her ability to document his/her income and employment

history has been compromised by the Defendants' failure to issue proper notices and statements.

53. Plaintiff and Class Members were denied the ability to properly document his/her employment and income history.

54. Defendants are liable to Plaintiff and Class Members in the amount of up to $5,000 each, together with costs and attorneys' fees.

**<u>COUNT IV</u>**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

55. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

56. With each payment of wages, Defendants failed to provide Plaintiff and Class Members with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

57. Defendants' failure to provide Plaintiff and Class Members with proper wage statements resulted in Plaintiff and Class Members working without knowledge of his/her correct rate of pay.

58. Because Plaintiff and Class Members did not receive the required information in the wage statements containing his/her correct rate, Defendant was able to not pay Plaintiff and Class Members the correct pay.

59. Plaintiff and Class Members didn't know he/she was supposed to be paid full minimum wage and overtime pay. Accordingly, he/she lost out on the ability to advocate for it and be paid according to the law's requirements.

60. Defendants are liable to Plaintiff in the amount of up to $5,000 each, together with costs and attorneys' fees.

**COUNT V**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

61. Plaintiff, on behalf of himself and the Class Members, realleges and incorporate by reference all allegations in all preceding paragraphs as if they were set forth again herein.

62. Defendant failed to pay Plaintiff and the Class Members one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

63. Defendant's failure to pay Plaintiffs an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful not in good faith within the meaning of New York Lab. Law § 663.

64. Plaintiffs and the Class Members were damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

65. WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

   a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the NYLL;

   b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award, pursuant to the FLSA and the NYLL, of unpaid wages, including overtime, due to times worked;

d. An award, pursuant to the FLSA and the NYLL, of unpaid wages, including overtime.

e. An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action, together with reasonable attorneys' and expert fees and statutory penalties;

f. An award of spread of hours pay under the NYLL as applicable.

g. Awarding the Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable.

h. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs; j. Designation of this action as a class action pursuant to F.R.C.P. 23;

i. Designation of Plaintiff as Representatives of the Class; and

j. Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: April 13, 2026

Respectfully submitted,

Gennadiy Naydenskiy

**NAYDENSKIY LAW FIRM, LLC**
Gennadiy Naydenskiy (GN5601)
426 Main St, #201
Spotswood, NJ, 08884
Tel.: 718-808-2224
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*